**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID WRIGHT, | ) | CASE NO. 1:24-cv-01939 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

## I.      Introduction

This matter is before the Court on the Report and Recommendation (R&R) of Magistrate Judge Jennifer Dowdell Armstrong.[1] (R. 12). Plaintiff David Wright's Complaint challenges the Commissioner of Social Security's final decision denying his application for disability insurance benefits (DIB). (R. 1). The Magistrate Judge's R&R recommends the Court reverse the Commissioner's decision and remand the case to the Commissioner for further proceedings consistent with the R&R. (R. 12). The R&R specified that any objection must be filed within 14 days of the parties being served with a copy of the R&R. (*Id*. at 7029-30). That period has expired, and neither party has filed any objections.

## II.      Analysis

The applicable standard of review of the Magistrate Judge's R&R depends upon whether a party objects. When objections to the R&R are made, the District Court reviews the case *de*

---

[1]      This case was referred to the Magistrate Judge for a report and recommendation, pursuant to Local Rule 72.2.

*novo*. As Rule 72 of the Federal Rules of Civil Procedure explains,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The text of Rule 72(b)(3) addresses only the review of R&Rs to which objections have been made. It does not specify any standard of review where, as here, no objections have been lodged. The Advisory Committee on the Civil Rules of Procedure, however, commented on a court's review of unopposed R&Rs. The Advisory Committee explained that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Advisory Committee's Note to 1983 Amendment of Fed. R. Civ. P. 72 (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974)).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec.,* No. 4:20cv2278, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) (Lioi, J.) (citing *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers, and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Here, the R&R placed the parties on notice of the potential for forfeiture in the event of a failure to object. (R. 12, PageID 7029-30). None were filed, and the Court finds no clear error on the face of the record.

### III.     Conclusion

The Court has carefully reviewed the R&R, which sets forth a lengthy recitation of the evidence of record. Additionally, the Court has completed a thorough analysis of Plaintiff's alleged assignment of error. The Court agrees with the Magistrate Judge's assessment that the ALJ erred in evaluating Nurse King's medical opinion. Thus, the Court, finding no clear error, concurs with the findings of the Magistrate Judge.

Therefore, the Report & Recommendation, (R. 12), is hereby ADOPTED and incorporated herein, and the Commissioner's decision is REVERSED and REMANDED for proceedings consistent with this decision.

IT IS SO ORDERED.

s/ *David A. Ruiz*

David A. Ruiz
United States District Judge

Date: March 10, 2026